Dear Mr. Baglio:
You advise this office that you currently work as a deputy sheriff for the Tangipahoa Parish Sheriff's Office. If elected to the office of constable, you ask if you may continue to serve as deputy sheriff.
The Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., govern our response to your question. For purposes of dual officeholding, the position of deputy sheriff is considered an appointive office under R.S. 42:62(2) because it is an "office in any branch of government . . . which is specifically established or specifically authorized by the . . . laws of this state . . . and which is filled by appointment . . . by an elected . . . public official." The sheriff is an elected public official pursuant to constitutional provision. See LSA-Const. Article V Section 27 (1974).
Further, the position of deputy sheriff is specifically authorized by law, as R.S. 33:1433 states "the sheriff of each parish. . . . may appoint as many deputies as necessary" and further provides that a deputy's "appointment and oath must be entered on the records of the court".
A constable holds local elective office. R.S. 42:63(D) generally prohibits a person holding an elective office in a political subdivision of the state from holding at the same time a full-time appointive office. Because you work as a full-time[1] deputy sheriff, R.S. 42:63(D) would initially prevent you from holding at the same time any elective office.
However, the law provides an exemption from the prohibition of R.S.42:63(D) which is applicable in your case. R.S. 42:66(L)(2)(a) states: *Page 2 
 (2)(a) Nothing in this Part shall be construed to prohibit a deputy sheriff from holding the office of part-time constable of a justice of the peace court whose jurisdiction has a population of fifteen thousand or fewer persons according to the 1990 federal decennial census, or from holding the office of part-time constable or part-time marshal of a city court in a municipality with a population of ten thousand or fewer persons according to the 1990 federal decennial census, provided such person held both the office of deputy sheriff and the office of constable or marshal prior to January 1, 1997.
If elected, you will hold the office of part-time[2] constable of a justice of the peace court whose jurisdiction has a population of fifteen thousand or fewer persons; as a result, you are allowed to continue to serve as a full-time deputy sheriff.
You advise that the current incumbent of the elected office of constable works as a part-time deputy sheriff. We advise that he is similarly exempted by R.S. 42:66(L)(2)(a). Further, you state he holds full-time employment "serving papers" with the district attorney's office. While R.S. 42:62(D) prohibits one from holding employment in the same political subdivision in which he holds elective office, there is no apparent violation of the dual-officeholding law here insofar as the district attorney's office and the justice of the peace court are separate political subdivisions.[3] Thus, if he is re-elected to the office of constable, he may continue to hold employment with the district attorney's office, while serving as a part-time deputy sheriff.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] R.S. 42:62(4) states "full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
[2] R.S. 42:62(5) states "part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
[3] R.S. 42:62(9) states: "political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.